UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY CRAVENS, *ET AL.* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00083 |
| | § | |
| GEICO COUNTY MUTUAL INSURANCE COMPANY | § | JURY DEMANDED |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant GEICO County Mutual Insurance Company ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I. NATURE OF THE SUIT

1. Plaintiffs allege they sustained personal injuries and damages in an automobile accident that occurred in Harris County, Texas. Plaintiffs alleges the accident was caused by the negligence of Makenzie Vonne Lesly, and Plaintiffs alleges Defendant failed to pay UIM benefits.

### II. PROCEDURAL BACKGROUND

2. On November 15, 2020, Plaintiffs filed Plaintiffs' Original Petition initiating an action against Defendant in the 11th Judicial District Court of Harris County, Texas, bearing Cause No. 2020-73464 ("the State Court Action"). Def.'s Ex. C.

3. On December 2, 2020, Plaintiffs filed Plaintiffs' First Amended Petition naming GEICO County Mutual Insurance Company and GEICO, Inc.[1] as Defendants. Def.'s Ex. D.

---

[1]   To Defendant's knowledge, Defendant GEICO, Inc. has not been served to date. To Defendant's knowledge

4. On December 14, 2020, Defendant was served with a copy of a Citation and Plaintiffs' Original Petition. Def.'s Ex. E.

5. On January 8, 2021, Defendant filed an Original Answer and Jury Demand. Def.'s Ex. F.

6. Defendant removes this lawsuit within the thirty-day guideline of the removal statute. 28 U.S.C. § 1446(b)(1).

### III. BASIS FOR REMOVAL

7. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. According to Plaintiffs' Original Petition in the State Court Action, Plaintiffs are citizens of the state of Texas and resides in Harris County. Def.'s Ex. C. Defendant is an insurance company doing business in the state of Texas and is domiciled in Maryland. *Id.* Because Plaintiffs are citizens of Texas and Defendant is a citizen of Maryland, complete diversity of citizenship exists among the parties.

9. Plaintiffs' Original Petition in the State Court Action pleads monetary damages over $1,000,000. Therefore, the Petition on its face demonstrates an amount in controversy that is within this Court's jurisdiction. Because the amount in controversy

---

"GEICO, Inc." is not an affiliate of "Government Employees Insurance Company (GEICO)." The affiliates of GEICO are: GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO County Mutual Insurance Company, and GEICO Insurance Agency, Inc. None of which are "GEICO Inc."

exceeds $75,000, and there is complete diversity between the parties, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal action is proper.

10. Removal to the Southern District of Texas, Houston Division is proper because the State Court Action is pending in Harris County, which is part of the Houston Division.

11. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal a complete copy of the State Court Action's file, including copies of all process, pleadings, and orders in the State Court Action as identified on the Index of Matters Being Filed. Def.'s Ex. A.  A copy of the Docket Sheet in the State Court Action is attached as Exhibit B.

12. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## CONCLUSION AND PRAYER

13. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiffs are citizens of Texas and Defendant is a citizen of Maryland. The amount in controversy, based on Plaintiffs' pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

14. Defendant demands a jury in this removed action.

15. THEREFORE, Defendant respectfully requests that the above-entitled action be removed from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

> Respectfully submitted,
>
> MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
>
> By: */s/ W. Shane Osborn*
> W. Shane Osborn
> Texas Bar No. 24068343
> Federal ID No. 1128026
> osborn@mdjwlaw.com
> 808 Travis Street, Suite 1100
> Houston, Texas 77002
> Telephone: (713) 632-1700
> Facsimile: (713) 222-0101
> E-service: eservice@mdjwlaw.com
> **ATTORNEY-IN-CHARGE FOR DEFENDANT**

OF COUNSEL:

Crystal Nichols
Texas Bar No. 24113417
Federal I.D. No. 3421636
nichols@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Defendant's Notice of Removal has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, by CM/ECF filing, on January 11, 2021.

***Via E-service***
Debra V. Jennings
lawyerdvj@gmail.com

                                      */s/ W. Shane Osborn*
                                        W. Shane Osborn